**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
       idiaz@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA MORRIS and KRISTIN TSUCHIMOTO, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br>MATCHABAR, INC.,<br><br>           Defendant. | Case No.   **'26 CV 2126 RBM SBC**<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Sondra Morris and Kristin Tsuchimoto ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against MatchaBar, Inc. ("Defendant"). Plaintiffs make the following allegations based on the investigation of their counsel and on information and belief, except as to the allegations pertaining to Plaintiffs individually, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Plaintiffs bring this class action lawsuit on behalf of themselves, and all others similarly situated who purchased Defendant's MatchaBar Ceremonial Grade Matcha Powder (the "Products").[1] As discussed herein, the Products were mislabeled as "ceremonial grade" matcha, when they were not of that grade or quality.

2. Defendant is a matcha company that sells its matcha products through its website, matchabar.co and other third-party retail websites, such as Amazon.com.

3. In recent years, matcha has taken off in popularity in Western markets, sparking social media trends as well as shortages.[2] Defendant also makes its matcha powder Products available for sale online for consumers to enjoy at home.

4. Defendant markets, labels, advertises, and sells its Products to consumers with packaging and online product listings prominently representing that the Products are "ceremonial grade" matcha (the "Ceremonial Grade Representation").

5. Reasonable consumers believe, based on the Ceremonial Grade Representation, that the Products are of the highest quality, as compared to other matcha, and fit for use in a Japanese tea ceremony, also known as "sa-dou" (茶道). However, unbeknownst to consumers, and confirmed by independent testing, the

---

[1] Discovery may reveal additional products come under the scope of this Complaint. Plaintiffs reserve the right to amend the Complaint in the future to add additional substantially similar Products.

[2] THE ATLANTIC. *The Matcha Problem.* https://www.theatlantic.com/culture/2025/11/matcha-shortage-food-trend/684934/. November 17, 2025 (last accessed February 26, 2026).

Products are of an inferior quality as compared to other matcha. The Products are *not* of a quality or grade that would be sufficient for use in a Japanese tea ceremony, and they are therefore *not* "ceremonial grade."

6. Plaintiffs seek relief in this action individually and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Products during the statute of limitations period, for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1a750, *et seq.*, breach of express warranty, and intentional misrepresentation.

## PARTIES

7. Plaintiff Morris is a California citizen currently residing in San Diego, California.

8. On February 22, 2025, Plaintiff Morris purchased Defendant's MatchaBar Ceremonial Grade Matcha Powder from Amazon.com. Plaintiff saw and relied on the Ceremonial Grade Representation on the Products' packaging and product listing in making her purchase. Plaintiff reasonably believed, based on the Ceremonial Grade Representation, that she was purchasing matcha of the highest quality, fit to be used in a Japanese tea ceremony, and this belief was a fundamental part of her decision to purchase the Product. Had Plaintiff known that the Product was of inferior quality and not of the grade and quality represented, she would not have purchased it, or she would have paid less for it. Thus, Plaintiff has suffered injury and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as alleged herein.

9. Plaintiff will be unable to rely on the Products' Ceremonial Grade Representation in the future as she will be unable to determine the true quality of the Products absent testing, and so will be unable to purchase the Products in the future, although she would like to. However, Plaintiff remains interested in purchasing

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    2

matcha products that are truly ceremonial grade, intends on purchasing them in the future, and would consider purchasing Defendant's Products in the future if Defendant ensured that the Ceremonial Grade Representation was accurate and truthful.

10. Plaintiff Tsuchimoto is a California citizen currently residing in Santa Monica, California.

11. On October 11, 2023, Plaintiff Tsuchimoto purchased Defendant's MatchaBar Ceremonial Grade Matcha Powder from Amazon.com. Plaintiff saw and relied on the Ceremonial Grade Representation on the Products' packaging and product listing in making her purchase. Plaintiff reasonably believed, based on the Ceremonial Grade Representation, that she was purchasing matcha of the highest quality, fit to be used in a Japanese tea ceremony, and this belief was a fundamental part of her decision to purchase the Product. Had Plaintiff known that the Product was of inferior quality and not of the grade and quality represented, she would not have purchased it, or she would have paid less for it. Thus, Plaintiff has suffered injury and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as alleged herein.

12. Plaintiff will be unable to rely on the Products' Ceremonial Grade Representation in the future as she will be unable to determine the true quality of the Products absent testing, and so will be unable to purchase the Products in the future, although she would like to. However, Plaintiff remains interested in purchasing matcha products that are truly ceremonial grade, intends on purchasing them in the future, and would consider purchasing Defendant's Products in the future if Defendant ensured that the Ceremonial Grade Representation was accurate and truthful.

13. Defendant MatchaBar, Inc. is a Delaware corporation headquartered in Brooklyn, New York.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Defendant.

15. This Court has personal jurisdiction over Defendant because Defendant sold the Products to consumers in California, including to Plaintiffs. Defendant derives substantial revenue from the sale of its Products in this District and purposefully avails itself to the benefits of conducting business in this District, with knowledge that its Products are being marketed and sold for use here.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims took place in this District. Specifically, Plaintiff Morris purchased the Products in this District.

## FACTUAL ALLEGATIONS

### Japanese Chado and Matcha Grading

17. "Sa-dou" (茶道), or "the Way of Tea," is a Japanese cultural activity involving the ceremonial preparation and presentation of matcha, a powdered green tea.[3]

18. "Combining the Japanese words *matsu*, 'to rub, to daub, to paint,' and *cha,* 'tea,' matcha is grown according to strict rules. Matcha must be taken from shade-grown tea plants, which have heightened levels of chlorophyll and have a bright green colour. Only the buds and top three layers of the young tea plant, *camellia sinensis*, are harvested. The tea leaves are steamed to halt the oxidation process, then deveined and ground in stone mills. Because of such laborious and

---

[3] Surak, Kristin (2013). *Making Tea, Making Japan: Cultural Nationalism in Practice*. Stanford: Stanford University Press. p. 272.

exacting production standards, matcha is among the most expensive kinds of teas on the market."[4]

19.    The following five criteria[5] are used to evaluate matcha: color, particle size, foaming, foam color, and taste.

(a)    *Color.* A bright, vivid green color indicates high quality. Bluish-black hues indicate larger particle size and/or the use of older or hardened shoots. Finer grinding generally indicates higher quality, though excessive fineness may produce a slightly white-washed appearance. Insufficient shading during cultivation results in reddish-brown or yellowish hues.

(b)    *Particle Size.* Fine, uniform particles should spread smoothly and evenly. Course or uneven particles appear grainy and spread poorly. Drag marks or visible large particles indicate inferior quality.

(c)    *Foam.* High-quality matcha produces abundant, fine, and stable foam. Course particles or hardened leaf material result in poor or unstable foaming.

(d)    *Foam Color.* Bright, vivid green foam is desirable. Dark, bluish-black, reddish, or whitewashed foam indicates poor quality. Insufficient foam formation may result in a darker overall appearance.

(e)    *Taste.* High-quality matcha should have a smooth, almost "dissolved" mouthfeel. A complex and deep aroma in which matcha's characteristic fresh green notes, natural sweetness, toasty nuances, and rich umami are harmoniously balanced. Minimal bitterness and a clean finish. Meanwhile, negative indicators include: grittiness caused by

---

[4] McNamee, Gregory Lewis. "Matcha." *Encyclopedia Britannica*. 10 Aug. 2025. https://www.britannica.com/topic/matcha. Accessed January 12, 2026.

[5] "Matcha Sensory Evaluation Methodology." *O-Macha*. https://tinyurl.com/omacha. Accessed February 25, 2026.

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                      5

coarse or uneven particles; grassy or raw odors from hardened leaves; burnt or bitter notes resulting from over-grinding or excessive heat during milling; loss of aroma due to improper processing or storage.

***The Term "Ceremonial Grade"***

20.   In Japan, the term "ceremonial grade" is not used to describe or grade matcha. However, in the United States, the term holds substantial weight for consumers: it is ubiquitously used to indicate that a particular matcha is of the highest quality, fit for use in a Japanese tea ceremony.

21.   In the United States, matcha producers typically describe their products as either "ceremonial grade," "daily grade" (sometimes also referred to as "café," "latte," or "barista" grade), or "culinary grade."

22.   "Matcha green tea powder is placed into one of these three categories based on where the green tea plants are grown, how they are cultivated, the tea leaves' harvest period (or season), and the manufacturing process. These factors, in turn, impact color, texture, nutritional composition, taste, ultimate use, and the overall quality of green tea powder produced."[6]

23.   These grades are defined in consistent ways by different matcha producers, often with accompanying graphics illustrating the differences between grades. *See* Figures 1-3. In all cases, "ceremonial grade" is designated as the highest quality matcha on the market and therefore fit to use in a Japanese tea ceremony.

---

[6] Hadjipateras, Elara. "Quality & Different Grades of Matcha Green Tea Powder." *Matcha.com*. https://matcha.com/blogs/news/a-guide-to-different-matcha-grades-and-categories. Accessed January 9, 2026.



*Figure 1, defining ceremonial grade as "Traditionally used in Japanese tea ceremony." Yoko Matcha.*



*Figure 2, defining ceremonial grade as "specifically prepared in Japanese tea ceremonies," along with other qualities. YGGDRASILLEAF.*



*Figure 3, showing ceremonial grade as having the most vibrant green color and picked from "premium 1st harvest."*

24. On December 8, 2025, *Bon Appetit* published a round-up of the best matcha available for consumers, many of which were sourced directly from Japan. Under each product description, *Bon Appetit* designated the "grade" of the matcha. All of the matcha that they tested for drinking were described as "ceremonial grade," while the matcha that they tested for baking was described as "culinary grade."

25. The term "Ceremonial Grade," therefore, as used in the industry and media, indicates to Western consumers that matcha is of the highest quality compared to other matcha and is fit for use in Japanese tea ceremonies.

***Defendant Represents Its Products Are "Ceremonial Grade"***

26. Defendant represents that its Products are "Ceremonial Grade" on its Website, third party retailers' websites, such as Amazon, and on the Products' packaging.





27.     On Defendant's Amazon listing, Defendant further emphasizes the purported high quality of its Ceremonial Grade Matcha by stating: "our matcha is certified ceremonial grade by our tea master in Kagoshima, Japan. Our tea master is one of only 15 in the world with a 10th level 'tea master' or 'chashi' certification, working to craft the smoothest ceremonial grade matcha in the world."[7]

***Defendant's Representations Are False***

28.     Defendant's Ceremonial Grade Representation is false because its matcha is not of the highest quality of tea, the type considered fit for Japanese tea ceremonies.

29.     Independent testing by an expert in Japanese tea grading and tea preparation confirmed the lower quality of Defendant's Products. Using a sensory evaluation methodology adapted from the Kyoto Yamashiro South Agricultural Extension Center's established matcha evaluation framework, the expert evaluated Defendant's Product and found that it would be unlikely to be selected for use in formal tea ceremonies due to factors like (1) the lack of the vivid green color

[7] AMAZON, MATCHABAR MATCHA POWDER, https://www.amazon.com/Matchabar-Ceremonial-Grade-Green-Tea-Matcha-Powder-/dp/B019J9USPO?ref_=ast_sto_dp&th=1.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                          10

expected of matcha used for traditional Japanese matcha preparation; (2) the existence of a strong yellow hue, slight redness and blue black tones, which may suggest insufficient shading, use of older leaves, processing timing errors, and/or chlorophyll degradation; and (3) bitterness and astringency in taste.

30.   The testing results confirm that Defendant's Products do not meet consumer expectations that "ceremonial grade" matcha is of the highest quality.

## CLASS ALLEGATIONS

31.   Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

(a)   **Nationwide Class:** All natural persons who purchased at least one of the Products in the United States within the applicable statute of limitations period.

(b)   **California Subclass:** All natural persons who purchased at least one of the Products in the State of California within the applicable statute of limitations period.

32.   Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

33.   Plaintiffs reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

34.   Numerosity: The proposed Classes are so numerous that joinder of all members would be impractical. The Products are sold throughout the United States and the State of California. The number of individuals who purchased Products

during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable.

35. <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

(a) Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Products;

(b) Whether Defendant's use of the Ceremonial Grade Representation constituted false or deceptive advertising;

(c) Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

(d) Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

(e) Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and if so, in what amount;

(f) Whether Plaintiffs and the Classes are entitled to injunctive relief;

(g) Whether Plaintiffs and the Classes are entitled to punitive damages, and if so, in what amount; and

(h) Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

36. Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    12

the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive packaging and advertising of the Products. Each instance of harm suffered by Plaintiffs and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Products: (a) bears the same Ceremonial Grade Representation, and (b) the Products do not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

37. Superiority: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

38. Typicality: The representative Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

39. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiffs and their counsel.

40. Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

# COUNT I
## Violation of California's False Advertising Law
## California Business & Professions Code § 17500, *et seq.*
### (For the California Subclass)

41. Plaintiffs hereby incorporate by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

42. Plaintiffs bring this claim individually and on behalf of the members of the California Subclass against Defendant pursuant to California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

43. The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public … in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

44. Defendant has represented and continues to represent to the public, including Plaintiffs and members of the California Subclass, through its deceptive packaging, that the Products are "Ceremonial Grade." Because Defendant has disseminated misleading information regarding the Products, and Defendant knows, knew, or should have known, through the exercise of reasonable care, that the Ceremonial Grade Representation is false and misleading, Defendant has violated the FAL.

45. As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiffs and members of the California Subclass. Plaintiffs therefore request that the Court cause Defendant to restore this fraudulently obtained money to them and members of the California Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    14

from violating the FAL or violating it in the same fashion as discussed herein. Otherwise, Plaintiffs and members of the California Subclass may be irreparably harmed and/or denied an effective and complete remedy.

46. Plaintiffs and members of the California Subclass have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

## COUNT II
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq.***
**(For the California Subclass)**

47. Plaintiffs hereby incorporate by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiffs bring this claim individually and on behalf of the members of the California Subclass against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

49. The Products are a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiffs and members of the California Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

50. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have… ." By marketing the Products with its current packaging and through the current listings, Defendant has represented and continues to represent that the Products have characteristics that they do not have (*i.e.*, that they are of the highest quality and fit for use in a Japanese tea ceremony). Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

51.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current packaging, Defendant has represented that the Products are of a particular standard, quality, or grade (*i.e.*, that they are "ceremonial grade") which they do not possess. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

52.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Products with the Ceremonial Grade Representation, but not intending to sell the Products as such (*i.e.*, selling them with the knowledge that they are of a lesser quality), Defendant has violated section 1770(a)(9) of the CLRA.

53.    At all relevant times, Defendant has known or reasonably should have known that its Ceremonial Grade Representation on the Product's packaging and marketing is false and deceptive, and that Plaintiffs and other members of the California Subclass would reasonably and justifiably rely on it when purchasing the Products. Nonetheless, Defendant persisted in making the Ceremonial Grade Representation to deceive consumers into believing they are buying and consuming the highest quality matcha, fit for use in a Japanese tea ceremony.

54.    Plaintiffs and members of the California Subclass have justifiably relied on Defendant's misleading Ceremonial Grade Representation when purchasing the Products. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiffs and members of the California Subclass.

55.    Plaintiffs and members of the California Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid less for the Products, or would not have purchased them at all, had they known that the Ceremonial Grade Representation was false.

56.    Accordingly, Plaintiffs, on behalf of themselves and all other members of the California Subclass, seek damages and to enjoin the unlawful acts and practices described herein.

57.    On January 8, 2026, a CLRA demand letter was sent to Defendant. This letter provided notice of Defendant's violation of the CLRA, for Plaintiff Tsuchimoto and all others similarly situated, such as Plaintiff Morris and the California Subclass, and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.

## COUNT III
### Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq.* (For the California Subclass)

58.    Plaintiffs hereby incorporate by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

59.    Plaintiffs bring this claim individually and on behalf of the members of the California Subclass against Defendant.

60.    The UCL, Cal. Bus. & Prof. Code § 17200, provides in pertinent part that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

61.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of Products was and continues to be "unlawful" because it violates, *inter alia*, the CLRA and the FAL, as alleged herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiffs and members of the California Subclass.

62.    Under the UCL, a business act or practice is "unfair" if the Defendant's conduct offends an established public policy, or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, as the benefits for committing

such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging and advertising. Deceiving consumers into believing the Products are ceremonial grade, when they are not, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiffs and members of the California Subclass.

63. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing Products are of the highest quality and fit for use in a Japanese tea ceremony when, in fact, they are not. Because Defendant misled Plaintiffs and members of the California Subclass, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiffs and members of the California Subclass.

64. Plaintiffs request that the Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to her and members of the California Subclass, to disgorge the profits Defendant made on these transactions, to enjoin Defendant from violating the UCL or violating it in the same fashion as discussed herein, and to pay Plaintiffs' attorneys' fees and costs. Otherwise, Plaintiffs and members of the California Subclass may be irreparably harmed and/or denied an effective and complete remedy.

65. Plaintiffs and members of the California Subclass have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                      18

## COUNT IV
### Breach of Express Warranty
### (For all Classes)

66. Plaintiffs hereby incorporate by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

67. Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

68. Defendant has expressly warranted on the Products' packaging and marketing materials that they are ceremonial-grade matcha through the Ceremonial Grade Representation.

69. This representation about the Products is: (a) an affirmation of fact or promise made by Defendant to consumers that the Product is ceremonial-grade matcha; (b) became part of the basis of the bargain to purchase the Product when Plaintiffs and other consumers relied on the representation; and (c) created an express warranty that the Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Products is a description of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the Product's description.

70. Plaintiffs and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to those warranties.

71. Defendant has breached the express warranties made to Plaintiffs and members of the proposed Classes by failing to produce the Products in accordance with the Ceremonial Grade Representation, as expressly warranted on the packaging.

72. Plaintiffs and members of the Classes paid a premium price for the Product but did not obtain the full value of the Products as represented. If Plaintiffs and members of the Classes had known of the true nature of the Products, they

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                              19

would not have been willing to pay the premium price charged in the market or would not have purchased them at all. As a result, Plaintiffs and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

73. On or around January 8, 2026, after Plaintiff Tsuchimoto discovered that Defendant did in fact breach the express warranty, Plaintiff notified Defendant of the breach.

## COUNT V
### Intentional Misrepresentation
### (For all Classes)

74. Plaintiffs hereby incorporate by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

75. Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

76. Defendant marketed the Products in a manner indicating that they are of the highest quality, fit for a Japanese tea ceremony, when they are not. Therefore, Defendant has made misrepresentations about the Products.

77. The Ceremonial Grade Representation is material to a reasonable consumer because it relates to the quality and utility of the Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions.

78. At all relevant times, Defendant knew that the Ceremonial Grade Representation was misleading. Defendant intends for Plaintiffs and other consumers to rely on the Ceremonial Grade Representation, as evidenced by Defendant intentionally and conspicuously placing it on the packaging and marketing materials of the Products. In the alternative, Defendant acted recklessly in making the Ceremonial Grade Representation without regard for the truth.

79. Plaintiffs and members of the proposed Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations (*i.e.*, the Ceremonial

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    20

Grade Representation) when purchasing the Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market, or would not have purchased them at all.

80.    Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiffs and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Classes, respectfully pray for the following relief:

(a)    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class counsel;

(b)    A declaration that Defendant's actions, as described herein, violate the laws described herein;

(c)    An award to Plaintiffs and the proposed Classes of restitution and/or other equitable relief including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

(d)    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and Class members including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

(e)    An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

(f)    An award of punitive damages;

(g)    An award of nominal damages;

(h)    An award to Plaintiffs and their counsel of reasonable expenses and attorneys' fees;

(i)    An award to Plaintiffs and the proposed Classes of pre- and post-judgment interest, to the extent allowable; and

(j)    For such further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated:  April 6, 2026                    **BURSOR & FISHER, P.A**.

By:   /s/ *Ines Diaz Villafana*
                    Ines Diaz Villafana

Neal J. Deckant (State Bar No. 322946)
Ines Diaz Villafana (State Bar No. 354099)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
            idiaz@bursor.com

*Attorneys for Plaintiffs*

## CLRA VENUE DECLARATION

I, Ines Diaz Villafana, declare as follows:

1.     I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at Bursor & Fisher, P.A., counsel of record for Plaintiffs. I have personal knowledge of the facts set forth in this declaration and as called as a witness, I could and would completely testify thereto under oath.

2.     Plaintiff Morris alleges that she is a citizen of California and resides in San Diego, California. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) because a substantial part of the events giving rise to Plaintiff Morris's claims occurred in this District, given that Plaintiff was located in this District when she purchased the Products.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed at Walnut Creek, California, this 6th day of April 2026.

/s/ *Ines Diaz Villafana*
Ines Diaz Villafana

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                      23